**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| ASHLEY MARIE PROSPER, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. CJC-25-3546 |
| FRANK BISIGNANO, COMMISSIONER OF | * | |
| SOCIAL SECURITY, | * | |
| Defendant. | * | |

## MEMORANDUM OPINION

Plaintiff/Claimant Ashley Marie Prosper petitions this Court to review the Commissioner of the Social Security Administration's (the "Commissioner") final decision involving her claim for disability insurance benefits ("DIB"). ECF No. 1. The Court has considered the record and the parties' briefs. ECF Nos. 8, 12, 14–15. No hearing is necessary. Loc. R. 105.6 (D. Md. 2025). For the reasons that follow, the Court reverses the judgment of the Social Security Administration and remands for further review consistent with this opinion.

## PROCEDURAL BACKGROUND

On January 19, 2022, Prosper applied for DIB under Title II of the Social Security Act. R. 17, 182–86. Her claim was denied initially and on reconsideration. R. 116–120, 122–125. On Prosper's request, an Administrative Law Judge ("ALJ") held a hearing to review her claim. R. 131–135. Following the hearing, the ALJ issued a decision in which the ALJ found that Prosper was not disabled. R. 17–31. Prosper requested that the Social Security Appeals Council review the ALJ's decision. R. 176–179. On September 17, 2025, the Appeals Council denied Prosper's request for review, rendering the ALJ's decision the final, reviewable decision of the Social

Security Administration. R. 1–6. Prosper then timely petitioned for judicial review in this Court on October 28, 2025. ECF No. 1.

**THE ALJ'S DECISION**

A claimant is legally disabled under the Social Security Act if they are unable "to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a). The ALJ must conduct a five-step sequential evaluation to determine if a claimant is disabled. *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012). "For the first four steps, the burden lies with the claimant; at step five, it shifts to the Commissioner." *Thomas v. Berryhill*, 916 F.3d 307, 310 (4th Cir. 2019), *as amended* (Feb. 22, 2019). The ALJ reviews whether the claimant "(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in the national economy." *Hancock*, 667 F.3d at 472. Prior to steps four and five, the ALJ must determine a claimant's Residual Functional Capacity ("RFC"), which is the most work a claimant can do despite their physical and mental limitations. *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 254 (4th Cir. 2017).

The ALJ here conducted the sequential evaluation as follows. At step one, the ALJ determined that Prosper had not engaged in substantial gainful activity from "her alleged onset date of June 1, 2021, through her date last insured of September 30, 2022." R. 20. At step two, the ALJ found that Prosper had the following severe impairments: scoliosis of thoracolumbar spine, lumbar degenerative disc disease, bilateral primary osteoarthritis of the hips, congenital dysplasia of the bilateral hips, obesity, patellofemoral disorder of the bilateral knees, and cervical

stenosis. R. 20.[1] At step three, the ALJ determined that Prosper did not "have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." R. 21. The ALJ further determined that Prosper had the RFC to perform

> sedentary work as defined in 20 CFR 404.1567(a) except the claimant need to alternate positions between sitting and standing every 30 minutes without having to leave the workstation or abandon tasks. She could occasionally climb ramps and stairs and occasionally stoop, crouch, kneel and crawl. She should never climb ladders, ropes or scaffolds. She could balance on even surfaces and stand and walk on level terrain. She could tolerate occasional exposure to extreme hot, extreme cold, wetness, vibration, and workplace hazards of high exposed places, and dangerous, unguarded machinery. She could not sustain work requiring a specific production rate such as assembly line work, or work that requires hourly quotas. She could use judgment to make simple work-related decisions, deal with occasional changes in a routine work setting, and understand, and remember and carry out simple instructions on a regular and sustained basis to complete a normal workday and week.

R. 23–24. At step four, the ALJ determined that Prosper had no past relevant work. R. 29. At step five, the ALJ found that, "considering [Prosper's] age, education, work experience, and [RFC], there were jobs that exist in significant numbers in the national economy that [Prosper] can perform." R. 29. As a result, the ALJ concluded that Prosper was not disabled. R. 30.

## STANDARD OF REVIEW

The Court will affirm the ALJ's decision if the ALJ's factual findings are "supported by substantial evidence and were reached through application of the correct legal standard." *Shelley C. v. Comm'r of Soc. Sec. Admin.*, 61 F.4th 341, 353 (4th Cir. 2023) (citation omitted); 42 U.S.C. § 405(g). An ALJ's decision satisfies the substantial evidence standard if it contains "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

[1] The ALJ also found that Prosper had the non-severe impairments of mixed anxiety and depressive disorder. R. 20.

*Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (citation omitted). In conducting this review, the Court determines "not just 'whether the ALJ examined all relevant evidence' but also whether the ALJ 'offered a sufficient rationale in crediting certain evidence and discrediting other evidence.'" *Drumgold v. Comm'r of Soc. Sec.*, 144 F.4th 596, 605 (4th Cir. 2025) (citation omitted).

**DISCUSSION**

Prosper argues that the ALJ's pace limitation is not supported by substantial evidence. ECF No. 12 at 4, 7. A claimant may challenge a pace limitation under either the ALJ's RFC assessment or step five of the sequential evaluation process. *See Ursula G. v. Comm'r, Soc. Sec. Admin.*, Civil Action No. SAG-18-1841, 2019 WL 2233978, at *2 (D. Md. May 23, 2019) ("Plaintiff presents the argument as a flaw in the hypothetical presented to the [vocational expert] instead of a flaw in the RFC assessment, although the deficient RFC assessment would also infect the hypothetical based on that assessment."). Here, Prosper argues that the ALJ failed to define a pace limitation to the vocational expert at step five, so the Court reviews Prosper's argument under that framework.

At step five of the sequential evaluation process, the Commissioner bears the burden to prove "that the claimant can perform … work that exists in significant numbers in the national economy." *Monroe v. Colvin*, 826 F.3d 176, 180 (4th Cir. 2016) (citation modified). "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations." *Id.* (citation omitted). The Fourth Circuit gives ALJs "great latitude in posing hypothetical questions … so long as there is substantial evidence to support the ultimate question." *Koonce v. Apfel*, 1999 WL 7864, at *5 (4th Cir. Jan. 11, 1999) (unpublished table decision). To be supported by substantial

evidence, a hypothetical posed to the vocational expert must be adequately defined. *See Geneva W. v. Comm'r, Soc. Sec. Admin.*, Civil Action No. SAG-18-1812, 2019 WL 3254533, at *3 (D. Md. July 19, 2019) (remanding because the production rate pace limitation was inadequately defined in the ALJ's hypothetical).

A pace limitation is adequately defined within a hypothetical if one of four conditions is met. First, regulations may define the pace limitation or a term similar to the limitation. *Perry v. Berryhill*, 765 F. App'x 869, 872 (4th Cir. 2019). Second, caselaw may define the pace limitation. *See Thomas*, 916 F.3d at 312 (discussing frequency with which limitation appeared in caselaw); *Perry*, 765 F. App'x at 872 (same). Third, the definition of the pace limitation may be self-explanatory. *Perry*, 765 F. App'x at 872. Fourth, the ALJ may adequately define the pace limitation themselves. *Id.*; *see Thomas*, 916 F.3d at 312 (holding limitation inadequately defined "without elaboration").

The Fourth Circuit has held that three pace limitations, in particular, fail to satisfy any of the above conditions without further explanation: limiting a claimant to work not "requiring a production rate or demand pace," *Thomas*, 916 F.3d at 312, limiting a claimant to a "non-production oriented work setting," *Perry*, 765 F. App'x at 872–73, and limiting a claimant to work with "no fast paced production requirements such as assembly line work or piecemeal quotas," *Linger v. Comm'r of Soc. Sec.*, No. 22-2192, 2025 WL 40548, at *4–5 (4th Cir. Jan. 7, 2025). Thus, if an ALJ poses a hypothetical using one of the above three pace limitations, they must further explain the scope of the limitation to adequately define it.

Here, the ALJ posed to the vocational expert a hypothetical and corresponding RFC providing that Prosper could not sustain work requiring "a specific production rate such as assembly line work or work that requires hourly quotas." R. 24, 60. Thus, the ALJ limited

Prosper to work not requiring "a specific production rate" and provided "assembly line work or work that requires hourly quotas" as examples of such work that requires "a specific production rate." R. 24, 60.

This language mirrors the prohibited language of the Fourth Circuit, discussed above. *Thomas*, 916 F.3d at 312; *Linger*, 2025 WL 40548, at *5. The only difference between the language held inadequate by the Fourth Circuit and the ALJ's hypotheticals is that the ALJ used "hourly quotas" instead of "piecemeal quotas." R.24, 60; *Linger*, 2025 WL 40548, at *5. However, this difference is not so significant that it could adequately define "the intended scope of the limitation." *Linger*, 2025 WL 40548, at *5. Therefore, because the ALJ posed the pace limitation in the hypothetical to the vocational expert using language held insufficient by the Fourth Circuit, without further explanation, the ALJ inadequately defined the pace limitation. Accordingly, the Court reverses and remands.

**CONCLUSION**

Pursuant to sentence four of 42 U.S.C. § 405(g), the Social Security Administration's judgment is REVERSED and REMANDED. A separate order follows.

Date: October 9, 2026

/s/
Chelsea J. Crawford
United States Magistrate Judge